# George T. McKeeby *v.* Edmund A. Webster, Appellant.

*Landlord and tenant—Crops—Sheriff's sale—Judgment.*

Where a tenant has paid his rent in full before a sheriff's sale of the leased premises, notwithstanding such sale was upon a judgment entered prior to the execution of the lease, he is entitled to all of the crops put in by him, as against the purchaser at sheriff's sale and all claiming under such purchaser.

A leased land to B for one year upon which C had a judgment lien; B let D sow ten acres of the land to rye upon shares, B to have one half the grain and straw. D sowed the ten acres to rye during the term of B's lease. During the lease the land was sold at sheriff's sale on execution issued upon C's judgment. C bought the land at the sheriff's sale and leased it to E, who took possession under his lease. D cut the rye after the expiration of B's lease and took away one half of it; the other half was taken by E and claimed by him under his lease from C.

*Held*, (1) That C by his purchase at sheriff's sale took no interest in the crop of rye put in by B, through his cropper, D, and consequently E obtained no interest in it by his lease. (2) B had title to the way-going crop by virtue of his lease from A, and therefore could maintain trespass against E for taking it away, while D, not having possession, could not have maintained such action.

*Appeals—Bail—Supersedeas—Practice, C. P.—Practice, S. C.—Execution.*

Where exceptions have been filed to bail entered on an appeal to the Supreme Court, and the appellant has failed, after ten days' notice of the exceptions, to justify or enter new bail, as required by Rule 5 of the Supreme Court, he cannot claim a stay of execution, although he has subsequently entered proper bail.

*Execution—Fi. fa.—Alias fi. fa.—Abandonment of writ—Practice, C. P.*

Where a fi. fa. has been prematurely issued, and a rule granted to set it aside, the plaintiff may file of record a paper stating that the fi. fa. "issued in the action, lien and levy thereof, and all proceedings thereof are hereby abandoned," and immediately afterwards may issue an alias fi. fa.: Bole *v.* Bogardis, 86 Pa. 37, followed.

Argued March 19, 1895. Appeal, No. 33, July T., 1894, by defendant, from judgment of C. P. Susquehanna Co., Jan. T., 1893, No. 198, on case stated. Before Sterrett, C. J., Green, Williams, McCollum and Fell, JJ. Affirmed.

Case stated.

Searle, P. J., filed the following opinion, in which the facts appear:

" The facts in this case were agreed upon by the parties and submitted to the court in a case stated in the nature of a special verdict.

" The facts necessary to a disposition of the case are briefly as follows :

" April 29, 1891, T. J. Depue, being the owner and in possession of a farm, leased it to Geo. T. McKeeby, the plaintiff, for a year from April 1, 1891. McKeeby same day paid the rent in full.

" At this time E. V. DeWitt had a judgment lien against this farm.

" Depue remained in the occupancy of this farm, working it for McKeeby.

" In the summer of 1891, McKeeby let one Iman Very sow ten acres of said land to rye upon shares, McKeeby to have one half the grain and straw. Very sowed this ten acres to rye in the summer or fall of 1891, during the term of McKeeby's lease from Depue.

" In January, 1892, DeWitt caused execution to be issued upon his judgment, and this land was sold at sheriff's sale upon the same, and purchased by DeWitt, who notified Depue to give up possession of the same, which Depue did in April, 1892, DeWitt taking possession and leasing the same to the defendant in this case, Edward Webster, who then took possession under DeWitt, and has remained in possession ever since.

" In the summer of 1892, Very, who had sowed this ten acres to rye under the agreement with McKeeby, went upon the ground and cut the rye and took away one half ; the other half was taken away by the defendant, Webster.

" This suit was brought by McKeeby to recover the value of one half this crop of rye taken by Webster, and the agreed value of the same was $70.00.

" Defendant's counsel claims that Very and not McKeeby was the tenant, and entitled to the way-going crop, and that under the act of assembly the rent was payable to the purchaser at sheriff's sale ; also that the rye belonged to Very until he divided it and turned over the landlord's share to him, therefore McKeeby cannot maintain an action of trespass against Webster.

" McKeeby was the tenant of Depue, and having paid the

rent in full before the sheriff's sale, notwithstanding such sale was upon a judgment entered prior to the execution of the lease, he was entitled to all of the crop put in by him as against the purchaser at sheriff's sale and all claiming under him : Bittinger v. Baker, 29 Pa. 66 ; Fullerton v. Shauffer, 12 Pa. 220.

"Very was a cropper under McKeeby and could not maintain an action of trespass : Adams v. McKesson's Exrs., 53 Pa. 81.

"Under the above cited cases DeWitt, by his purchase at sheriff's sale, took no interest in this crop of rye, put in by McKeeby through his cropper Very, and Webster obtained no interest in it by his lease from DeWitt.

"Webster, having no interest in this crop, when he took a portion of it committed a trespass. Very, under the case of Adams v. McKesson's exrs., not having possession, could not maintain an action for this trespass ; McKeeby, holding the way-going crop by virtue of his lease with Depue could.

"Under this view of the law, judgment is directed to be entered for the plaintiff for seventy dollars and costs."

Subsequent proceedings in the case appear by the following opinion of SEARLE, P. J. :

"March 26, 1894, judgment for plaintiff upon case stated.

"March 27, 1894, fi. fa. upon præcipe of plaintiff without first having obtained leave of court.

"March 29, 1894. Rule to show cause why execution should not be set aside, and the sheriff enjoined from selling the property of the defendant upon fi. fa. pending rule.

"April 17, 1894. Certiorari from Supreme Court filed April 21, 1894.

"May 19, 1894. Plaintiff filed exceptions to bail for certiorari and same day copy of the exceptions were served upon defendant's attorney.       •

"June 14, 1894. Plaintiff's attorney filed a paper which reads as follows :

"'George T. McKeeby v. E. A. Webster, in Com. Pleas of Susq'a Co., No. 198, Jan. T., 1893.

"'And now, June 4, 1894, the fi. fa. issued in the above entitled action, lien and levy thereof, and all proceedings thereof are hereby abandoned. Same day præcipe by plaintiff's attorney for alias fi. fa. which was issued June 11, 1894. Rule to show cause why alias fi. fa. should not be stricken off

and sheriff enjoined from selling property of defendant upon same.'

"June 13, 1894. Defendant filed additional security for appeal or certiorari to Supreme Court, to which no exceptions have been filed.

"Upon the argument of the rule to show cause, the defendant claimed:

"That the first bail entered for appeal, and the appeal and certiorari operated as a supersedeas.

"That the exceptions to the sufficiency of the security filed by plaintiff May 19, 1894, were not properly sworn to, and not being filed within twenty days after the filing of the certiorari (which was filed April 21) were not in time, under the rules of the Supreme Court, to compel the defendant to either justify his bail or enter new.

"First. That the fi. fa. having been returned levied and enjoined by order of court, lien and levy to remain, the alias fi. fa. was irregular and should be set aside.

"The plaintiff claims that the paper filed June 4, 1894, abandoning the lien and levy of fi. fa. and all proceedings thereon, the records showing that it was issued without leave of court before the time for appeal had expired, and there being no order of court enjoining any proceedings upon the judgment, had the same effect as the making of the original rule, to show cause why the fi. fa. should not be stricken off, absolute.

"Second. That the records fail to show any notice to plaintiff of the filing of the certiorari and plaintiff had twenty days after such notice within which to file exceptions to bail.

"Third. Defendant having failed to justify bail or put in new bail in error within ten days after service of notice of exceptions to original bail, plaintiff had the right to issue execution.

"The 7th section of the act of 1836, Purdon's Digest, edition of 1883, page 705, provides 'that execution shall not be stayed upon any judgment . . . . by reason of any writ of error from the Supreme Court to any other court of this commonwealth, unless the plaintiff in such writ or some one in his behalf, with sufficient sureties shall become bound by recognizance.'

"Rule 5 of the Supreme Court provides: 'The defendant in error or appellee may, within 20 days after notice of the tak

ing of bail in error except to the sufficiency thereof when the plaintiff in error or appellant must either put in new bail or the other bail must justify within ten days after exception is taken; in default whereof the writ of error shall not be a supersedeas of the execution. New bail may be put in or the old justified within the ten days before the prothonotary of this court in the proper district, or before the prothonotary of the court of common pleas of the county to which the writ of error shall have been issued, or from which the appeal shall have come: and in the latter case the new recognizance or the affidavits of justification shall be returned to the prothonotary of this court within the ten days allowed, not counting the day when the exception to bail was taken. Of the time and place of giving new bail or justifying the old, at least three days written notice shall be given to the opposite party or his attorneys of record. For the purpose of this rule, the prothonotaries of the several courts of common pleas are appointed commissioners of bail.'

" The certiorari was filed April 21, 1894, but it does not appear that any notice of the filing of it, or of the entering of bail in error, was ever served upon appellee.

" May 19, 1894, the appellee filed exceptions to the bail and same day a copy of the exceptions was receipted for by appellant's attorney.

" No attempt was made by the appellant to either justify the old bail or to enter new bail until June 13, 1894, when new bail was entered.

" June 11, 1894, rule was taken.

" As far as the records show, the first notice appellee had of the entering of bail or issuing of writ of certiorari was on the 19th of May, 1894, when the exceptions were filed.

" The receipt of copy of exceptions by appellant's attorney upon that day brings home to appellant notice of exceptions and his omission to justify or enter new bail as required by the terms of rule 5 of the Supreme Court within ten days thereafter deprives him of the right to claim a stay of execution upon the claim of having entered the bail required in appeals or writs of error. The court of common pleas have no authority to waive any of the rules of the Supreme Court.

" The original fi. fa. was prematurely issued, and the rule to

set it aside having been granted, the plaintiff had a right to admit upon the record the facts and consent to the rule being made absolute.

"The paper filed by plaintiff's attorney of June 14, 1894, was in effect such an admission and consent.

"This case, as far as the issuing of the alias fi. fa. is concerned, is ruled by the case of Bole v. Bogardis, 86 Pa. 37, and under the authority of that case we feel constrained to discharge the rule granted June 11, 1894.

"The rule to show cause why execution should not be set aside etc. of March 27, 1894, is hereby made absolute; and the original fi. fa. is set aside.

"The rule to show cause why alias fi. fa. should not be stricken off etc., granted June 11, 1894, is hereby discharged."

*Errors assigned* were, (1) in the findings of law as to the defendant and DeWitt the purchaser; (2) in entering judgment in favor of the plaintiff on the case stated, and in not entering judgment for the defendant; (3) in not sustaining defendant's first motion to set aside the alias fi. fa.; (4) in not sustaining defendant's second motion to set aside the alias fi. fa.

*Edson W. Safford*, for appellant.—The court, in reference to Very's right, seems to hold that he was a cropper and could not maintain an action of trespass, citing Adams v. McKesson's Exrx., 53 Pa. 81. We do not contend against this view of the case as to Very. But the fact that Very had no remedy does not place McKeeby on any higher ground. McKeeby in law, as will be shown later, was only an outsider. In fact he was only a go-between. If Very had no rights at all, then by the authority of Adams v. McKesson's Exrx., supra, DeWitt could have taken the whole crop. Hence we say that the equities of this case are entirely with us; for the man who sowed has reaped without hindrance.

The case of Bittenger v. Baker, 29 Pa. 66, does not decide that which is claimed for it by the plaintiff. It simply decides that a sheriff's sale and delivery of the grain sown, harvested and threshed by a tenant in possession, conveys a good title as against the purchaser of the real estate.

It has also been held in Pennsylvania, if rent is yet becoming

due out of a term, or portion of a term, not yet complete when the purchase is made, it is rent "accruing" thereafter within the meaning of the act and of common law, and passes by the sale : Borrell v. Dewart, 37 Pa. 134.

The terms of the law (sec. 119, act 1836) are sufficiently broad to include all persons holding under the owner whose title is sold whether, as tenants by express leave for a stipulated sum, or as occupants by possession : Hayden v. Patterson, 51 Pa. 261; Long v. Seavers, 103 Pa. 517; Blackstone, Book 2, chap. IX, p. 140.

Constructive notice is such evidence of notice, the presumption of which is so violent, that the courts will not allow of its being contradicted: Garrard v. Pittsburg & C. R. R., 29 Pa. 154; Billington v. Welsh, 5 Binn. 129.

The affidavit in support of the exceptions was not a legal oath, and not sufficient to put a party upon answer: Black v. Halstead, 39 Pa. 64; Mitchell on Motions and Rules, 67.

The well established rule of practice is that, while there is an outstanding fieri facias levied, the award of another execution cannot be had till the first is put out of the way by an order to quash: Gist v. Wilson, 2 Watts, 30.

*A. H. McCollum,* of *McCollum & Smith,* for appellee.—If one be hired to work land, receiving for his compensation part of the produce, he is a cropper, not a tenant. Being simply a cropper he could not maintain trespass against Webster: Adams v. McKesson's Ex., 53 Pa. 81; Farmers & Mechanics Bank v. Ege, 9 Watts, 436.

The words in the act " whether the accruing rent may have been paid in advance" are construed in the same case in the following words: " In advance of what? Why clearly in advance of the time when the rent became due": Farmers & Mechanics Bank v. Ege, 9 Watts, 436.

Where a person is in possession of land, under a title that may be determined by an uncertain event, not within his control, it is essential to the interests of agriculture that such a determination of his lease shall not prevent him reaping what he has sown. A lessee of land incumbered with a judgment prior to the lease under which the premises are sold is entitled to the way going crop sown by him prior to the levy : Bitten-

ger v. Baker, 29 Pa. 66; Fullerton v. Shauffer, 12 Pa. 220; Miller v. Clement, 40 Pa. 484.

The fi. fa. to April term, 1894, having been issued inadvertently, the error was corrected as will be seen by reference to page 21 of appellant's book. It was properly done: Bole v. Bogardis, 86 Pa. 37.

The appeal to the Supreme Court having been taken on the 29th of March, 1894, it is improper to bring up with that appeal matters in reference to the judgment occurring subsequent to that appeal.

PER CURIAM, October 7, 1895:

We find no error in the record that would justify either a reversal or modification of the judgment. The assignments of error are dismissed and the judgment is affirmed on the opinion of the court below.