C. E. MOORE AND A. H. PROUGH v. GEORGE N. LINN AND W. J. SPICE.

(Filed September 5, 1907.)

(91 Pac. 910.)

1. PUBLIC LANDS—Homestead Eentry—Relinquishment—Title to Growing Crops. Where one sows wheat on land embraced in a homestead entry under a contract that he is to have two-thirds of the crop and the entryman one-third, and before the maturity of the crop the entryman sells his improvements and growing crops to another and relinquishes his homestead entry, so that such other person may file on the land, and such other person files on the land, he acquires not only the right of possession to the land itself, but also title to all improvements and growing crops thereon.

2. CROPS—Cropper's Contract—Rights Conferred. A cropper's contract, whereby one agrees to cultivate the land of another and is to receive as compensation therefor a share of the crops grown, does not create the relation of landlord and tenant. Except where it is otherwise provided therein, such a contract grants possession of the land only as an incident to the work that is to be performed, and confers no general right of occupancy of and control over the land cultivated.

3. APPEAL—Review—Evidence—Harmless Error. Error committed by a trial court in excluding a written instrument from evidence will not justify a reversal of the judgment where secondary evidence is received in lieu thereof and it is apparent that the party offering such instrument was not prejudiced by its exclusion; the facts sought to be established thereby and proven by parol evidence not being disputed.

(Syllabus by the Court.)

*Error from the District Court of Kiowa County; before Frank E. Gillette, Trial Judge.*

Reversed.

*Keys, Rummons & Cline,* for plaintiffs in error.

*J. R. Hunter,* for defendants in error.

Opinion of the court by

BURWELL, J.: One John T. Shaw, while in possession of a tract of land on which he had filed a homestead entry, which was still in force, entered into a contract with the plaintiffs below, George N. Linn and W. J. Spice, wherein they agreed to sow thirty-six acres of this land to wheat and to harvest the same, they to receive two-thirds of the wheat and Shaw was to receive one-third.

The contract was in writing, but not filed or recorded in the office of the register of deeds. It is as follows:

"Territory of Oklahoma, Kiowa County. ss:

"This agreement made and entered into this fifteenth day of October, 1902, by John T. Shaw, party of the first part, and W. J. Spice and G. N. Linn, parties of the second part, witnesseth: That parties of the second part are to prepare and sow into wheat all the plowed ground, located in a body on southeast quarter of southeast quarter of sec. 34, twp. 6 north, range 17 west I. M., making approximately 36 acres, more or less; that said second parties are to furnish the seed, cut the same when ready, and put into shock or, if headed, to put into stack, all free of expense to first party.

"That second parties are to have 2-3 (two-thirds) and first party 1-3 (one-third), said wheat to be divided either in shock, stack, or when threshed, to be agreed upon by all parties hereafter, but it is especially understood and agreed by all parties hereto that said party of first part will bear his part of expense in threshing (which is one-third), and that when second parties are ready to thresh said grain, that the first party or his authorized agent will be on hand to care for his said share of grain.

"Dated at Blackwell, O. T., October 15, 1902.

"JOHN T. SHAW, party of first part,
"W. J. SPICE, party of second part,
"GEO. N. LINN."

"Witness to signature party of second part:
"L. A. SHAW."

The wheat was sown, and on January 31, 1903, the appellant, Moore, filed a homestead entry on the land. The appellees, Linn and Spice, when harvest time came, offered to cut and care for the wheat under the contract, but Moore refused to let them go on the place, but cut the wheat, through his employe, A. H. Prough, and Linn and Spice commenced this action to replevin the wheat, and judgment was rendered in their favor for the delivery of the wheat, or, if the property be not returned, then that they have judgment for one hundred and forty dollars and costs, taxed at seventy-three and 90-100 dollars.

The plaintiffs in this case should not have recovered. When the entryman, Shaw, relinquished back to the government, the government took the land free from any burdens of any kind. Shaw could not make a contract which would in any way prevent the government from conveying to any other person an absolute estate and full and complete possession. Linn and Spice could not acquire rights to occupy the land greater than the rights of Shaw. Under the law Shaw could voluntarily relinquish the land, or the government might cancel the entry for failure on his part to comply with the law. In either event the government would not only become reinvested with the absolute right of possession, but the legal title to the growing crop would revert to the government, because growing crops, in the absence of contract, pass with the conveyance of real estate. And it has been held that where the government sells land to one, or permits one to file a homestead entry on a piece of government land, the purchaser or entryman not only acquires the absolute right of possession, but also title to all improvements and growing crops thereon. *Floyd v. Ricks,* 14 Ark. 286, 58 Am. Dec. 374; *Rasor v. Qualls,* 4 Blackford (Ind.) 286, 30 Am. Dec. 658; *Boyer v. Williams,* 5 Mo. 335, 32 Am. Dec. 324; *Reservation State Bank v. Holst* (S. D.) 95 N. W. 931; *Hiatt v. Brooks* (Neb.) 22 N. W. 73.

As between Shaw and the plaintiffs the contract could be enforced, but it could not be enforced as against the United States after the cancellation of Shaw's entry, or as against a subsequent

entryman. When the appellees planted the wheat they took chances on the entry of Shaw being cancelled before the harvesting of the same. If this contract can be enforced, then one may make a valid lease for a term of years, whereby he may plant the entire tract embraced in a homestead entry to fruit trees, paying therefor one-third of the fruit, and hold the same as against the United States or its grantees until the expiration of the lease, although the entryman fails to comply with the law and the entry is cancelled shortly after the lease began to run. The difference between such a case and the one under consideration is of time only, and not in principle. When Shaw's entry was cancelled, the rights of Linn and Spice in the growing crops were forfeited to the government, the same as those of Shaw.

There is one other reason why the appellees must fail to recover. The contract in question is not a lease of the land sowed to wheat. The contract nowhere provides that the possession of the land shall be in the appellees until the harvesting of the crop. The contract is simply an ordinary cropper's contract, which the courts have almost universally held does not create the relation of landlord and tenant. In volume 18 of the Am. & Eng. Enc. of Law (2d Ed.), page 173, it is said: "The question whether an agreement constitutes a lease or an occupancy on shares has chiefly arisen in the case of agreements relating to farming lands, whereby one party agrees to cultivate the land and is to receive as compensation therefor a share of the crops grown. Under such an agreement the relation of the parties is not that of landlord and tenant."— citing a long list of cases from Alabama, Arizona, Arkansas, Connecticut, Delaware, Georgia, Illinois, Iowa, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Jersey, New York, and other states.

As to whether or not the appellees could recover damages from Shaw, we express no opinion, but they could not recover from Moore and Prough the value thereof. As far as Prough was concerned, he was only the employe of Moore. He received no part of

the grain, and therefore neither legally nor equitably should pay for the same.

Contracts to pay for improvements placed upon a tract of land by one entryman with another, in consideration of the former relinquishing in order that the latter might file on the same land, have been upheld; but that is not this case. Moore agreed to pay, and paid, the original entryman, Shaw, $1,300.00 for his improvements, and the wheat in question was growing on the land at the time, and Moore had no knowledge that the appellees claimed any interest therein until he had filed his homestead entry on the land.

It is also contended that the trial court committed error in refusing to admit in evidence Moore's homestead filing receipt. We are of the opinion that the instrument should have been admitted, but the appellant suffered no injury by reason of the exclusion thereof, because the witnesses were permitted to testify fully regarding such entry, and the testimony in relation thereto was not disputed.

For the reasons stated, the judgment of the lower court is hereby reversed, and the appellees' cause of action dismissed, at their cost.

Gillette, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.