## CHICKASHA GAS & ELEC. CO. v. LINN, Ex'r, et al.

No. 9919—Opinion Filed Feb. 15, 1921.

(Syllabus by the Court.)

**1. Landlord and Tenant — Relation — Croppers—Action by Landowner for Damages to Crop.**

In an action by the landowner for damages to growing crops, where the landowner testifies that a third party planted and cultivated the crop and was to harvest the same, but the landowner furnished the teams, seed, and machinery, and had general supervision and control over the crop, and that the third party was to receive one-half of the proceeds of the crop when sold, and said testimony is not contradicted, held, the evidence was insufficient to create the relation of landlord and tenant between the landowner and the third party. Held, further, the landowner could maintain an action for damages to the whole of the crop in his own name.

**2. Pleading — Petition — Sufficiency on Demurrer.**

It is not error to overrule a demurrer where the allegations of the petition, construed most favorably to the pleader, set up a cause of action.

**3. Trial—Demurrer to Evidence—Ruling.**

When the evidence, with all the inferences that can be properly drawn from it, is sufficient to support a verdict of the jury, it is not error to overrule a demurrer thereto.

Error from District Court, Grady County; Oham Jones, Judge.

Action by L. C. Linn and another against the Chickasha Gas & Electric Company for damages to crops. Judgment for plaintiff named, and defendant brings error. Upon death of L. C. Linn, action revived in name of Conn Linn, executor. Affirmed.

Bond, Melton & Melton, for plaintiff in error.

Harry Hammerly and F. E. Riddle, for defendants in error.

McNEILL, J. This action was commenced in the district court of Grady county by L. C. Linn against the Chickasha Gas & Electric Company to recover damages caused by the company maintaining a dam across the Washita river which obstructed the natural flow of the river, causing the same to overflow and damage growing crops of plaintiff upon his land. The jury returned a verdict in favor of plaintiff in the sum of $250. From said judgment the defendant has appealed. Since the appeal here, L. C. Linn died, and the cause has been revived in the name of Conn Linn, executor of the said estate.

During the trial of the case, it developed that a negro by the name of Bass had planted the crop, which consisted of potatoes and cotton, and regarding the ownership of the crop Mr. Linn testified that he had furnished the teams and seed, and gave the following additional testimony:

"Q. The potatoes and cotton, was the crop yours, after it was gathered? A. Yes; I controlled the crop, and everything. Q. You were to give him, then, half of the proceeds, when it was gathered? A. Yes, sir."

Upon cross-examination he answered as follows:

"Q. He was to harvest the crop and give you half of it? A. Yes, sir; harvest it for me, and I gave him half of it. You can have it either way you wish."

At the close of plaintiff's testimony, the defendant demurred to plaintiff's evidence, which was overruled, and attorneys for plaintiff announced they did not know whether it was necessary to make Bass a party plaintiff, but they asked permission to make him a party plaintiff and defendant objected, but the court permitted Bass to be made a party plaintiff, and defendant objected, contending that Bass had an interest in the property, but his cause of action was barred by the statute of limitations.

The court instructed the jury upon the theory that L. C. Linn owned the property. The jury's verdict was in favor of L. C. Linn, and the judgment of the court was in his favor. While Bass's name appears as plaintiff in part of the proceedings, no judgment was entered in his favor. The plaintiff in error first discusses the proposition that the evidence was conclusive that Bass was the owner of a half interest in the crop and that Linn could only recover damages for his half interest in the property; second, that Bass's claim for damages was barred by the statute of limitations. The plaintiff in error contends that under this evidence the relation of landlord and tenant existed, and that Bass

was the owner of half of the crop. The defendant in error contends that this evidence does not disclose that Bass had any title to the crop, but that he was simply a sharecropper or a servant, and as such owned no part of the crop, but was to receive as wages a certain part of the proceeds from the crop. The first question for consideration is whether this evidence disclosed that Bass was the owner of one-half interest in the property. In determining this question it is necessary to determine whether the relation of the parties was such as to create the relation of landlord and tenant, or simply that of servant. The rule announced in determining this question is stated as follows in 24 Cyc. 1470:

"If the contract, however, does not amount to a lease, but is instead a contract for hiring, the occupier to carry on the farm, the owner to pay him a certain percentage of the products as compensation, then the occupier is not owner pro hac vice, but is the servant of the owner, entitled to receive the agreed percentage of the products as compensation, while the title to the products remains in the owner of the farm."

12 Cyc. 980, states as follows:

"A cropper's contract gives the cropper no legal possession of the premises further than as an employe; the legal possession is in the employer, who alone can maintain trespass."

8 R. C. L. 373 and 374, states as follows:

"But the rule seems to be, that where the landlord furnishes the land and supplies, and other things of that sort, and keeps general supervision over the farm, and agrees to pay a certain portion of the crop to the laborer for his work, the laborer is then a cropper. A cropper, then, is a laborer who is paid for his labor with a share of the crop which he helps to harvest. He is not a tenant, since he has no estate in the land, nor in the crop till the landlord assigns him his share. He is as much a servant as if his wages were fixed and payable in money."

This same rule is announced in the cases of Gray v. Robinson (Ariz.) 33 Pac. 712; McCormick v. Skiles (Pa.) 30 Atl. 195; McKeeby v. Webster (Pa.) 32 Atl. 1096; Moore v. Linn, 19 Okla. 279, 91 Pac. 910; First National Bank of Bristow v. Rogers, 24 Okla. 357, 103 Pac. 582. The evidence was insufficient to create the relation of landlord and tenant between the landowner and the third party.

In the case of Oklahoma City v. Hoke, 75 Okla. 211, 182 Pac. 692, this identical question was presented to this court, and in that case it was held that the evidence was insufficient to disclose that the witness was a joint owner in the crop. The only evidence

introduced in the case at bar was that of the plaintiff, who testified that he furnished the team and seed and had control of the crop, and that the crop was his, although he was to give Bass one-half of the proceeds of the crop when it was gathered, and after the expenses of the trial were paid would pay Bass one-half of the net proceeds obtained for the damages to the crop. The evidence was insufficient to prove Bass the owner of any part of the crops. The fact that the action must be prosecuted by the real party in interest, and by joint owners, is discussed in the recent case of Black v. Donelson, 79 Okla. 299, 193 Pac. 424.

It is next contended that the court erred in overruling the defendant's special demurrer to the fourth count of plaintiff's petition, on the theory that the petition did not allege the proper measure of damages. The petition did allege a cause of action for damages to the crop of plaintiff, and alleged the damages to the crop were $700. This was sufficient allegation, as against a demurrer, and it was not error to overrule the same, as it has been the uniform holding of this court that it is not error to overrule the demurrer where the allegations of the petition, construed most favorably to the petitioner, set up a cause of action. The petition in this case stated a cause of action, and it was not error to overrule the demurrer.

It is next contended that the court erred in overruling the demurrer of the defendant to plaintiff's evidence. The evidence is quite long and conflicting, and it is unnecessary to discuss the same, except to say we have examined the record and think the evidence sufficient to justify the court in submitting the case to the jury. The uniform holding of this court upon this question may be stated as follows:

"When the evidence, with all the inferences that can be properly drawn from it, is sufficient to support a verdict of the jury, it is not error to overrule a demurrer thereto."

The evidence, when measured by this rule, was sufficient to justify the court in submitting the case to the jury.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING and NICHOLSON, JJ., concur.