## TAYLOR v. RIGGINS et al.

No. 17776. Opinion Filed Jan. 17, 1928.

(Syllabus.)

**Landlord and Tenant—Action by Cropper Held for Breach of Contract and not for Conversion.**

Where a share cropper sues under his contract in parol, alleging that the owner and contracting party refused to permit such share cropper to tend the crop under contract, the action is one of breach of contract, and not in conversion, as such a cropper is not a tenant and has no estate in the land nor in the crop until the landlord assigns him his share. The legal possession of the growing crop is in the employer; a growing crop is a part of the realty, not personal property, and so not subject to conversion by him.

Error from District Court, Kiowa County; E. L. Mitchell, Judge.

Action by Luster Riggins and Lathey Spigner against M. D. Taylor on contract. Judgment for plaintiffs, and defendant appeals. Affirmed.

John T. Hays and Russell R. Hays, for plaintiff in error.

E. V. Rakestraw, for defendants in error.

RILEY, J. The defendants in error, as plaintiffs, brought this action against M. D. Taylor on contract. The action arose because of alleged damages arising out of a rental contract between the parties. The allegations of the petition, as borne out by the evidence, show that the plaintiffs and defendant entered into what is known as a cropper's contract whereby plaintiffs were to perform labor in planting and cultivating 44 acres of cotton, while the defendant was to furnish all of the equipment needed for farming the land and was to give to the plaintiffs for their work half of the proceeds of the crop raised for the year 1925. It was further alleged that in August, 1925, the defendant took charge of the cotton and refused to permit the plaintiffs to tend the same, and that the defendant appropriated the whole of said cotton to his use and benefit, and that he refused to abide by the terms of the contract made with the plaintiffs. They alleged that by reason of the wrongful conduct of the defendant in violating the terms of the said contract and refusing to abide thereby the plaintiffs had been damaged in the sum of $1,900, and had prayed for that amount of judgment. The defendant, Taylor, answered, and in addition to his general denial, after setting out the agreement between himself and plaintiffs, alleged that plaintiffs and each of them had failed to perform their contract; that they had abandoned the premises and permitted the cotton fields to grow up in weeds and grasses, etc., and he prayed that by reason of the work and labor done by the defendant in the cultivation of the cotton he was entitled to one-third of the plaintiffs' share of said cotton, for which he asked judgment. The defendant further claimed a lien on said cotton crop by reason of $29.45 in cash advanced to plaintiffs for the purpose of assisting them in the cultivation of said lands. The defendant set out that he had been an accommodation indorser of a promissory note in the amount of $60, executed by the plaintiffs and delivered to Yarb Onstott, and that on August 11, 1925, the plaintiffs had executed and delivered to said Yarb Onstott another promissory note in the sum of $126, both notes secured by a mortgage on plaintiffs' share of said cotton, and that in March, 1925, the plaintiffs had delivered to the Kiowa Motor Company a promissory note in the sum of $125, likewise secured by a chattel mortgage on the said crop of cotton. The defendant maintained that these notes were inferior claims to that of defendant, and prayed that the said Yarb Onstott and the Kiowa Motor Company be made parties to the action, and that he, the defendant, have judgment for one-third of plaintiffs' share of the cotton and for money advanced by him to the plaintiffs. The cause was tried to a jury, and the court rendered judgment based upon the verdict of the jury, finding for the plaintiffs and fixing the amount of their recovery in the sum of $510, and cost.

For reversal, the plaintiff in error contends that the verdict is contrary to the law and that instructions Nos. 3 and 4 are erroneous.

The first contention is based upon a theory that the action was one for conversion. The plaintiff in error contends that the growing crop, being attached to the real estate, was not subject to conversion, and that there was no evidence to prove that the defendant converted the crop to his own use and benefit, but that the evidence shows that the mortgagees appropriated the crop of cotton to the exclusion of the plaintiff in error.

We do not find any merit in this contention. From a reading of the petition and from the evidence, the theory under which the case was submitted to the jury under the instructions of the court, and from the evidence we are driven to the conclusion that the action below was based upon breach of the cropper's contract, and not an action for conversion. See Chickasha Gas & Electric Co. v. Linn, 80 Okla. 233, 195 Pac. 769, wherein was quoted the rule from 8 R. C. L. 9, as follows:

"But the rule seems to be, that, where the landlord furnishes the land and supplies, and other things of that sort, and keeps general supervision over the farm and agrees to pay a certain portion of the crop to the laborer for his work, the laborer is then a cropper. A cropper, then, is a laborer who is paid for his labor with a share of the crop, which he helps to harvest. He is not a tenant, since he has no estate in the land, nor in the crop till the landlord assigns him his share. He is as much a servant as if his wages were fixed and payable in money."

As we view the case, plaintiffs' contention was that the defendant refused to permit them to continue to cultivate and gather the crop of cotton as they were entitled to do under their cropper's contract, and defendant's theory was that plaintiffs had violated their contract by failing to perform their duties and in permitting the crop to grow up in weeds and grasses, and that consequently he was justified in rescinding the contract. The jury took the view of the plaintiffs.

The defendant complains that the court committed error in not permitting evidence offered by the defendant to show that plaintiffs had mortgaged the crop.

Under the circumstances of these mortgages and the law applicable to the status of a share cropper, as heretofore set out, we are of the view that the action of the trial court was not in error.

The objection to instruction No. 3 is based upon the theory that the court failed to define "conversion." Instruction No. 3 is based upon breach of contract, and we are of the opinion that it fairly states the issues and that no error was committed in the giving of this instruction, and that under the theory of breach of contract it was not incumbent upon the court to define "conversion," particularly so when not requested so to do.

Objection to the fourth instruction is based upon the contention that the proper measure of damages was not therein submitted. The defendant contends that the measure of damages for conversion should have been submitted as outlined under section 5999, C. O. S. 1921.

We have heretofore held that the trial court submitted the proper theory of the action to the jury. We hold that the measure of damages for breach of contract was properly submitted under instruction No. 4. If improvement could have been made upon the instruction under the theory adopted by the court, it was the duty of the attorney complaining to submit the proper instruction embodying such refinement. 8 R. C. L. 379. But herein counsel is now of the view that the court was wholly in error in adopting the wrong theory of the case and by not intelligently setting forth the law applicable to the issues and evidence submitted. See Payne v. McCormack Harvesting Machine Co., 11 Okla. 318, 66 Pac. 287.

We hold that the trial court was without error, and direct that the judgment be affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See 36 C. J. p. 705, §1948 (Anno); 8 R. C. L. p. 373; 4 R. C. L. Supp. p. 551.