## SULZBERGER & SONS CO. v. HOOVER.

No. 4254.   Opinion Filed May 4, 1915.

On Rehearing June 15, 1915.

(149 Pac. 887.)

1.   **JUSTICES OF THE PEACE—Appeal—Pleading—Sufficiency.**
The same particularity in pleading is not required in the justice
court as in courts of record, and a bill of particulars which states
in a plain direct manner facts constituting the cause of action
is sufficient, and on appeal to a court of record where the cause
is tried de novo, a pleading that is sufficient in the justice court
is sufficient in the court to which the appeal is taken.

2.   **MASTER AND SERVANT—Injury to Servant—Negligence—Question for Jury.**   The law requires an employer to furnish his em-
ployees with competent fellow servants and a sufficient number
to properly do the work, and if he does not do this, and an em-
ployee is injured by reason of this negligence, the employer is
liable to the injured employee; and whether the injury is due to
this cause is a question of fact to be submitted to the jury,
where there is any evidence which tends to support the cause of
action.

3.   **APPEAL AND ERROR—Harmless Error—Examination of Witness—Conclusion.**   A case will not be reversed because a question
which called for a conclusion was allowed to be answered, when
the answer in response to the question states a fact which is so
obvious that it would have been apparent without the evidence
elicited by the question.

(Syllabus by Brett, C.)

*Error from County Court, Oklahoma County;*

*John W. Hayson, Judge.*

Action by Samuel Hoover against the Sulzberger & Sons
Company.   Judgment for plaintiff, and defendant brings error.
Affirmed, and rehearing denied.

*Ames, Chambers, Lowe & Richardson,* for plaintiff in error.
*Charles H. Ruth,* for defendant in error.

BRETT, C.  This suit was commenced in the justice court for Oklahoma City, by defendant in error, Samuel Hoover, as plaintiff in that court, to recover $195 for personal injuries alleged to have been sustained by said Hoover while in the employ of plaintiff in error, Sulzberger & Sons Company, which was defendant below, alleging that the injuries sustained were caused by the negligence of the defendant Sulzberger & Sons Company, his employer.  The defendant filed no pleadings in the justice court.  The cause was tried and judgment rendered for plaintiff for the amount sued for.  An appeal was taken to the county court of Oklahoma county.  The defendant filed a motion to require the plaintiff to make his petition more definite and certain, which was overruled.  Without further pleadings the cause was tried to a jury, which found for the plaintiff for $195, and on their verdict judgment was rendered, from which judgment the defendant appeals to this court.  There are several assignments of error, which we will notice in the order that they are presented in the brief of the plaintiff in error.

1.  The first is:

"That the court erred in overruling the motion of the plaintiff in error to require the defendant in error to make his bill of particulars more definite and certain."

The contention under this assignment is that the bill of particulars was so indefinite as not to apprise the defendant below of the particular facts of negligence complained of, and enable it to properly prepare its defense.  It must be admitted that the pleadings are very meager, and had the action originated in a court of record and been governed by their procedure there probably would have been some merit in this contention.  But this case originated in the jurisdiction of the justice of the peace, and this court held, in *Brewer & Stannard v. Black,* 5 Okla. 57, 47 Pac. 1089, that:

"The same degree of particularity in pleadings is not

required in actions before a justice of the peace that is required in other courts. It is sufficient if the bill of particulars states, in a plain and direct manner, the facts constituting the cause of action or the claim to be set off; and the pleading that is sufficient in a justice's court is sufficient in the district court, where the cause is tried *de novo* upon an appeal."

And this doctrine is reaffirmed in *Garvin v. Harrell*, 27 Okla. 373, 113 Pac. 186, 35 L. R. A. (N. S.) 862, Ann. Cas. 1912B, 744. There was no demurrer filed to the bill of particulars in either court, and it is admitted that the bill of particulars does state a cause of action. The plaintiff in error did not file its motion to make more definite and certain until the cause reached the county court, and after it was tried in the justice court. From the transcript of the justice of the peace it appears that the same witnesses that testified in the county court in behalf of the plaintiff in error were used and testified in his behalf in the justice court, and there is no claim that the plaintiff in error was surprised by their testimony in the county court, or that it differed from that given by them in the justice court, or that the cause was tried on a different theory in the county court to that in the justice court. We cannot see that the plaintiff in error was prejudiced or prevented from preparing its defense by the ruling of the court complained of.

2. The assignment of error in overruling the motion for a new trial, and overruling the demurrer to the evidence, and in rendering judgment in favor of the plaintiff below, are all based upon the insufficiency of the evidence to entitle the plaintiff below to recover, and are discussed under one head in plaintiff in error's brief, and will be so considered by us. Under the law it is the duty of an employer to furnish his employees with competent fellow servants, and a sufficient number, to properly do the work, and if this is not done, and an injury results to an employee by reason of this negligence of the employer, he is liable to the injured employee. Then the ques-

tion is whether, under this rule of law and the facts in this case, the plaintiff in error is liable for the injury admitted to have been sustained by the defendant in error.

The evidence in this case was submitted to a jury, under instructions which are not complained of, and the jury found for the defendant in error; but the plaintiff in error insists that there is no evidence to establish a causal connection between the failure of the plaintiff in error to furnish a sufficient number of fellow servants and the injury of the defendant in error, and that for that reason its demurrer to the evidence should have been sustained, and the jury instructed to return a verdict in its favor. In this we cannot agree with counsel. The evidence shows that the injury was sustained in the construction of a storm sewer; that it was the duty of the defendant in error under his employment to remain in the trench in which the sewer pipes were being laid, and with the assistance of another person place them in position in the trench and cement them together; that to do the work properly it required two men to remain on the outside of the ditch and lower the pipes into the ditch, by means of a rope, the pipes being 18 inches in diameter and 36 inches long, and the trench at this point 7 feet deep; that on the date of the injury defendant in error had only one helper, and requested both the foreman and the superintendent of plaintiff in error to furnish additional help. They did not do so, but insisted on defendant in error going on with the one man and doing the best he could. He attempted to comply with this request. He and his helper tried to lower the pipes by means of the rope, but found that they could not successfully do so. Then they rolled the pipes near the edge of the ditch, and the defendant in error would then stand in the ditch and reach up and take hold of the pipes, and by the assistance of his helper let them down into the trench; and in performing this labor in this way one of these pieces of pipe fell upon the ends of his fingers, and according to the evidence almost

mashed them off. This testimony is not contradicted; the plaintiff in error offered no evidence whatever.

In *Petroleum Iron Co. v. Wantland*, 28 Okla. 481, 114 Pac. 717, this court held that:

"Where there is any doubt as to which of several probable causes produced the injury, the cause of the injury is properly a question for the jury."

And if it be true, as intimated by plaintiff in error, that this might have been a mere accident, that might have occurred under any circumstances, then it was proper to submit the question to the jury under proper instructions, and let them determine from the evidence whether it was a mere accident that might have occurred under any circumstances, or whether it was due to the negligence of the plaintiff in error in not furnishing sufficient help to properly do the work.

In *Hartvig v. N. P. L. Co.*, 19 Or. 522, 25 Pac. 358, the court, in a case involving the same question as the one at bar, in the syllabus says:

"It is not for the court to speculate upon the facts, but to submit them to the jury, if they tend to support the cause of action."

That the facts in this case do tend to support the cause of action we think there is no doubt, and if the plaintiff in error could have thrown light on the cause of the injury, and it was not the one which the evidence of the defendant in error tended to establish, it did not attempt to do so. *St. L. & S. F. Ry. v. Rushing et al.*, 31 Okla. 231, 120 Pac. 973.

The only other error complained of is the admission of incompetent testimony; and the question and answer to which objection is urged are the following:

"Q. If you had had two laborers, then would you have had —would it have been necessary for you to have handled that pipe in that manner? A. No, sir; it would not have been necessary to have handled it in that manner at all."

This question was objected to on the ground that it called for a conclusion of the witness. We think, taken in connection with the other evidence, it is an obvious fact that, if the witness had had two men to have handled the pipes down to him, it would not have been necessary to have handled them in the manner he did. The question is not, If he had had two laborers there, would he have handled it in the manner he did? That would doubtless have called for a conclusion; but to ask, Would it have been necessary to have handled it in that manner, if he had had two laborers? is a different question.

But we do not think the plaintiff in error was prejudiced by the question and answer, even if it was a conclusion; for, as above stated, it is so obvious that, if he had had two men to have handed the pipe to him, it would not have been necessary for him to have reached up to the top of the trench and taken hold of the pipe and let it down into the trench, that that fact would have been apparent, without the evidence elicited by the question and answer complained of.

Finding no prejudicial error in the record, we recommend the judgment of the lower court be affirmed.

By the Court: It is so ordered.

---

## On Rehearing.

DEVEREUX, C. The plaintiff in error, in his petition for rehearing in the above-entitled cause, assigns for cause thereof that there is no evidence in the record of any causal

connection between the negligence admitted in not furnishing sufficient help to do the work in which the plaintiff was injured and the injury itself. As expressed in the petition for rehearing:

"That the question decisive of this case was duly submitted by plaintiff in error, but has been overlooked by the court. The plaintiff in error raised the question, in the submission of his case to this court, that there was no evidence to support the verdict of the jury."

The evidence on this point is:

"Q. Now, at the time you were hurt, where were you standing at the time you received the injury? A. I was standing in the bottom of the trench. Q. Describe how you were handling these pipes at the time you received your injury. A. Well, on account of not having men enough to put the pipe down, we had to roll the pipe near the edge, and then I would reach up in this manner (indicating), and when we would get two or three pieces down we would lay it, and then when I went to reach up and get this piece it caught me at the time I was about to lay it down; it caught me and mashed my fingers at the end, almost mashed them off. Q. If you had had two laborers there, would you have had—would it have been necessary for you to have handled that pipe in that manner? (Objected to, for the reason that it is calling for conclusion of the witness. By the Court: Overruled, and exceptions allowed to the defendant.) A. No, sir; it would not have been necessary to have handled it in that manner at all. * * * Q. Did you have any other appliances there but this rope that could be used by this one man? A. Why, no, not that I know of; no appliance at all, but that, if I understand you right."

The plaintiff in error frankly and properly admitted in its petition for rehearing that it did not furnish sufficient help to the defendant in error to perform the work that he was doing, and the question presented, therefore, by the petition for rehearing, is: Was there any evidence to be considered by the jury that the admitted negligence of the plaintiff in error in not furnishing sufficient help in placing pipe in the excavation

where it was to be laid was the proximate cause of the injury; and, if so, is there any evidence to go to the jury showing ·a causal connection between the negligence and the injury?

In 17 Cyc. 820, it is said:

"When a material fact is not proved by direct testimony, it may be rationally inferred by the court or jury from the facts which have been so proved, even though the inference be not a necessary one."

In *Insurance Co. v. Weide,* 11 Wall. 438, 20 L. Ed. 197, it is said:

"It is well settled that, if the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact on controversy, it should go to the jury. It would be a narrow rule, and not conducive to the ends of justice, to exclude it on the ground that· it did not afford full proof of the nonexistence of the disputed fact. Besides, presumptive evidence proceeds on the theory that the jury can infer the existence of a fact from another fact that is. proved, and most usually accompanies it. Many of the affairs of human life are determined in courts of justice in this way, and experience has proved that juries, under the direction of a wise judge, do not often err in the reasoning which leads them to ·a proper conclusion on such evidence. * * * A presumption is an inference as to the existence of a fact not actually known arising from *its* usual connection with another which is known, and on this principle the jury should have been allowed to consider this evidence."

In *Clark v. Manchester,* 64 N. H. 471, 13 Atl. 867, the Supreme Court of New Hampshire says:

"When a material fact is not proved ·by direct testimony, it may be inferred by the jury, if there is ·a case for them, from the facts which have been so proved, even though the inference be not a necessary one. It is their province to draw proper inferences from such facts, and, if in the exercise of this right, they conclude that the fact in controversy is established, it is ·as properly proved as if by direct testimony."

The same rule is laid down in *Com. v. Roberty,* 137 Mass. 245; *Connor v. Pacific Ry. Co.,* 181 Mo. 397, 81 S. W. 149. And see *Waters-Pierce Oil Co. v. Deselms,* 18 Okla. 107, 89 Pac. 212, affirmed on writ of error to the Supreme Court of the United States in 212 U. S. 159, 29 Sup. Ct. 270, 53 L. Ed. 453.

It is true, as has been repeatedly held by this court, that the mere fact of an injury does not prove the fact of negligence; but in the case at bar the negligence is admitted. The negligence being admitted, and it appearing from the evidence that on account of such negligence the defendant in error was doing the work of the master in a different manner than he would have done it, had there been no negligence, and receiving the injury while doing the work in this unaccustomed manner, it is not an unreasonable inference that the negligence was the cause of the injury, at least such inference is not so unreasonable as to warrant us in denying the plaintiff below the right to have it passed on by the jury.

It is true that the testimony was objected to, as set out above; but the overruling of this objection in the principal opinion is not objected to in the petition for rehearing, and, if it had been, we are satisfied that our former ruling thereon is correct.

We therefore recommend that the petition for rehearing be denied.

By the Court: It is so ordered.