## CHICAGO, R. I. & P. RY. CO. v. PALMER.

No. 6709.    Opinion Filed February 1, 1916.

(154 Pac. 1163.)

**NEGLIGENCE—Definition.** "Negligence" is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances, or doing what such a person would not have done.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Carter County;*
*A. Eddleman, Judge.*

Action by A. L. Palmer against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*C. O. Blake; J. G. Gamble, K. W. Shartel, R. J. Roberts,* and *W. H. Moore,* for plaintiff in error.

*Brown, Brown & Brown,* for defendant in error.

Opinion by RITTENHOUSE, C. The principal question in this case is whether there is any evidence reasonably tending to show that the defendant was guilty of negligence towards the plaintiff. If there was a failure of proof as to primary negligence, then there was no question to submit to the jury. *Midland Valley R. Co. v. Bailey,* 34 Okla. 193, 124 Pac. 987; *Phoenix Printing Co. v. Durham,* 32 Okla. 575, 122 Pac. 708, 38 L. R. A. (N. S.) 1191; *Solts v. Southwestern Cotton Oil Co.,* 28 Okla. 706; 115 Pac. 776; *Chicago; R. I. & P. Ry. Co. v. Baroni,* 32 Okla. 540, 122 Pac. 926. The defense of assumption of risk does not arise unless the defendant has been guilty of negligence. *St. Louis & S. F. R. Co. v. Long,* 41 Okla. 177, 137 Pac. 1156, Ann. Cas. 1915C, 432. It is therefore necessary for the plaintiff to establish primary negligence before there is anything against which to defend; merely showing an injury does not in the case of an employee establish negligence. So it becomes necessary for us to ascertain from the evidence whether primary negligence has been shown in the instant case. The evidence establishes the fact that the plaintiff was 28 years of age, weighing about 140 pounds, was in the employ of the defendant as warehouse foreman at Ardmore, which position he had held for nine months. Prior to his promotion to warehouse foreman he had for 15 months been a trucker in the warehouse. Nine months before the accident, on the recommendation of a former station agent of defendant, plaintiff had employed Linn Eggleston to work for him in the warehause. Eggleston weighed about 125 pounds, and, according to the plaintiff's

testimony, was incapable of doing the work.  Eggleston, as plaintiff's witness, contradicted this.  The station agent and his chief clerk both directed plaintiff in his work.  Some time before the accident plaintiff's other assistant, Cagle, had quit, and the new station agent had employed a boy 17 or 18 years old to assist plaintiff and Eggleston.  The plaintiff's duties consisted of loading, unloading, and trucking freight.  On Sunday, October 5, 1913, he was directed by the station agent to get his men and unload seven cars of merchandise at the warehouse.  Plaintiff and Eggleston unloaded the cars; the boy, Dent, not showing up for work until after the cars were unloaded.  While these two were unloading a folding bed weighing about 500 pounds from the first car, the plaintiff, in lifting the bed onto the truck, and just as the top of the bed struck the ceiling of the car, felt a catch in his back.  After plaintiff and Eggleston finished unloading the other five cars, plaintiff's back was hurting him so badly that he went home and went to bed, where he remained for one and one-half months.  Plaintiff was, and has been, suffering from tuberculosis of the lungs, and had been discharged from the navy in 1910 for that reason, at which time he weighed 125 pounds, or about the same he weighed at the time of the trial.  The condition of the plaintiff at the time of the trial prevented him from performing manual labor.  A week or ten days before the injury, plaintiff had requested the station agent of defendant to allow him more help to take care of the additional work caused by the fact that defendant's freight business was growing.  The plaintiff at no time complained of the inability of Eggleston and Dent to do the work, nor had he attempted to discharge them.  We therefore gather from the argu-

ment that it is the contention of the plaintiff that the railway company owed the plaintiff the duty to furnish him sufficient and competent help to do the work, and in order to strengthen this contention the plaintiff testified that a week or ten days before the accident he had applied to the company for additional help, which was refused. It will be observed in connection with this demand that his reason in asking for additional help was not because the individual items of freight handled were too heavy, but on account of the fact that the volume of business of the company had been growing and expanding to such an extent that the number of employees necessary to handle the business was insufficient.

Is it possible that under such evidence the company can be held to have been negligent? We think not. Negligence is a failure to do what a reasonable and prudent person would ordinarily have done under the circumstances, or doing what such a person would not have done. Chicago, R. I. & P. Ry. Co. v. Watson, 36 Okla. 1, 127 Pac. 693. It is admitted by the plaintiff that the company had furnished two helpers to assist in the unloading of freight and over whom he had control as foreman of the warehouse; that on the day of the injury the plaintiff had orders as foreman to get his helpers and unload the freight in question. These helpers were employed by the company to assist in the very work which plaintiff was engaged in at the time of the injury, but the third man was not present. No showing was made that his absence was due to any negligence on the part of the company, or that his presence would have prevented the injury. The fact that the plaintiff engaged in the work of unloading the heavy bed without waiting for

the assistance of the absent employee, whom he was instructed to call to his assistance, does not tend to establish the negligence complained of, that is, the failure of the company to furnish sufficient and competent help, and does not show primary negligence on the part of the company. What more precaution could the company have taken than to furnish two helpers; and if the plaintiff, as such foreman, preferred to lift the heavy articles without waiting for the assistance of the absent helper, the company could not be charged with negligence in failing to furnish sufficient and competent help. This is a clear case of an accident occurring without any showing of negligence on the part of the company, and no recovery can be had. The case of *Sulzberger & Sons v. Hoover*, 46 Okla. 792, 149 Pac. 887, is relied upon by defendant in error as decisive of the case at bar. In that case the court said:

"It is true, as has been repeatedly held by this court, that the mere fact of an injury does not prove the fact of negligence; but in the case at bar the negligence is admitted."

The facts in that case justified an admission of negligence. The main question argued was whether there was a causal connection between the admitted negligence and the injury; while, under the facts in the instant case, negligence is not shown, nor is it admitted.

The judgment should therefore be reversed, and the cause remanded.

By the Court: It is so ordered.