**STATE ex rel. LANKFORD, Bank Com'r, v. JACKSON.**

No. 5606—Opinion Filed July 31, 1917.

(166 Pac. 1041.)

**1. Bills and Notes—Actions—Defenses.**

Where, in an action upon promissory notes signed by the maker as trustee, there are no allegations in the petition charging a liability against the defendant in a fiduciary capacity, but all the allegations tend to charge an individual liability, it is error for the court to instruct the jury that they may find against the defendant either in his individual capacity or as trustee, for the reason that his liability as trustee is without the issues made by the pleadings.

**2. Judgment—Non Obstante Veredicto.**

Where, in such case, the jury returns a verdict for the defendant as an individual, but against him as trustee, it becomes the duty of the court, under section 5140, Rev. Laws 1910, to render judgment for the defendant, notwithstanding the verdict.

(Syllabus by Galbraith, C.)

Error from District Court, Creek County; Jesse M. Hatchett, Assigned Judge.

Action by J. D. Lankford, Bank Commissioner of the State of Oklahoma, against L. B. Jackson, trustee. There was a judgment for defendant, and plaintiff appeals. Affirmed.

S. P. Freeling, Atty. Gen., and McDougal & Lytle, for plaintiff in error.

J. R. Miller and T. R. Dean, for defendant in error.

Opinion by GALBRAITH, C. This action was instituted by the plaintiff in error, as bank commissioner of the state of Oklahoma, against the defendant in error, to recover upon two promissory notes, one for $5,000 and the other for $4,955.86, each of

said notes payable to the order of the Farmers & Merchants' Bank of Sapulpa, a state banking corporation, which became insolvent and had been taken over by the banking department of the state. The defendant was sued and named in the title "as trustee." In the body of the petition it was alleged that the defendant, for a valuable consideration, made, executed, and delivered the notes in suit, and the amount and conditions thereof were set out, and it was also alleged that the notes were past due and unpaid, and that demand for payment had been made, and that the payee had become insolvent, and the state banking department had taken charge of its assets, and in liquidating the claims against it the state bank guaranty fund had been depleted in an amount in excess of the aggregate amount of these notes, interest, and attorney's fee, wherefore the defendant became liable to the plaintiff in the full amount of the notes. The defendant answered, denying liability on said notes in his individual capacity, and admitting that he executed the same as trustee, but alleging that the same had been paid out of the trust fund, and denying liability in any capacity. There was a reply by way of a general denial, and the cause was tried to the court and a jury and a verdict returned for the defendant individually, but against him as trustee. The defendant presented the following motion:

"Comes now the defendant, L. B. Jackson, trustee, and moves the court to render a judgment in his favor both as an individual and as trustee, notwithstanding the verdict of the jury rendered herein against him in his fiduciary capacity as trustee on April 18, 1913. Because the only verdict that could be rendered on the pleadings in this action was either for or against him in his individual capacity, and because the jury found for him in his individual capacity, and the verdict against him in his fiduciary capacity as trustee was erroneous and void, and for the reason that the plaintiff's petition does not state a cause of action againt him in his fiduciary capacity as trustee."

The court in sustaining this motion said:

"In this action the court renders judgment for the defendant construing the petition to be against L. B. Jackson and the designation of trustee by descriptio personae and that the verdict of the jury returned in this case is in favor of the defendant. The court further holds that that portion of the verdict finding for the state and against L. B. Jackson in his fiduciary capacity of trustee is surplusage and void, and judgment in this case will be rendered for the defendant."

Judgment was rendered for the defendant, from which an appeal has been prosecuted to this court.

The assignments of error are presented under two heads: (1) Error in granting judgment non obstante veredicto; and (2) a failure of the court to render judgment in conformity with the verdict.

It appears from the record that the notes in suit were executed by Jackson as trustee, in pursuance to a written contract between himself and four banks located at Sapulpa; that by the terms of the contract certain lands were purchased by the banks and deeded to Jackson as trustee; that he was not to derive any personal benefit from the transaction, or to incur any personal liability on account thereof, and was to convey the land to the purchasers as directed by the banks, and that he did convey the property as directed, and from the proceeds of the sale of the land a fund of over $35,000 was realized and deposited in the payee bank to his credit, as trustee; that while this fund was in the bank he directed the officers of the bank to pay the notes in suit out of it, and they promised that they would do so, and afterwards told him that they had done so, and that he never checked upon this fund personally, but had O. K.'d some checks drawn against it by the bank; and that he had never received any benefit from the fund, or directed the disposition of it, other than as directed by the payee bank.

The court in submitting the case to the jury instructed that they might find either for or against the defendant in his individual capacity, or either for or against him in his fiduciary capacity. The court also took from the jury the question of payment, and instructed that there was no evidence offered from which they could find that these notes had been paid, in the face of the undisputed evidence that the notes had been paid. Jackson testified that while he had over $35,000 on deposit with the Merchants & Planters' Bank, as trustee, as the proceeds of the land sold by direction of the bank, he requested the officers of the bank to pay these notes out of that fund, and that they promised him that they would do so, and, at a later date told him that they had done so. This testimony was not controverted by any witness. The only place in the petition where the defendant is referred to in a fiduciary capacity is in the title where he is designated as "trustee." In the body of the petition the allegations are that he executed the notes, etc., and there are no allegations that he acted in a fiduciary

capacity in so doing, or for whom or what he was acting as trustee. Therefore the petition states a cause of action against him as an individual, but does not state a cause of action against him as trustee, and there was no issue made by the pleadings of the defendant's liability as a fiduciary.

The trial court was in error, therefore, in submitting to the jury the question of defendant's liability as trustee, and in withdrawing from the jury the defense of payment. However, these errors in the instruction were cured by the action of the court in its ruling upon the motion for judgment for the defendant, notwithstanding the verdict. This action was right because the petition only stated a cause of action against the defendant as an individual. The jury found that he was not liable as an individual, and under the law he was not liable as trustee.

It was therefore the duty of the court, under section 5140, Rev. Laws 1910, to render judgment for the defendant, as was done, notwithstanding the verdict. Whitaker v. Crowder State Bank, 26 Okla. 786, 110 Pac. 776; Bailey v. Willoughby, 33 Okla. 194, 124 Pac. 955; Curtis & Gartside v. Pigg, 39 Okla. 31, 134 Pac. 1125.

Wherefore the judgment appealed from should be affirmed.

By the Court: It is so ordered.