## DAVIS et al. v. BALL.

No. 7246.—Opinion Filed Nov. 4, 1919.

(Syllabus by the Court.)

### 1. Trial—Demurrer to Evidence — Admissions.

A demurrer admits the truth of all the evidence introduced and all the facts which it tends to establish, as well as every fair and reasonable inference, and should be overruled unless the evidence and all inferences which a jury could reasonably draw from it are insufficient to support a verdict for plaintiff.

### 2. Master and Servant—Tools and Appliances.

The tools and appliances adopted by the master must be reasonably safe to do the work required of them and for which purpose they are used.

### 3. Same—Fellow Servants—Duty of Master.

The law requires the master to furnish his employes with a sufficient number of fellow servants to safely do the work with the appliances and machinery adopted and used by the master.

### 4. Same—Question for Jury—Negligence.

Whether the injury sustained by the employe is due to the negligence of the master in not furnishing a sufficient number of fellow servants with which to safely do the work is a question of fact to be submitted to the jury, where there is any evidence which reasonably tends to support the cause of action.

### 5. Same—Question for Jury—Assumption Risk.

Under the provisions of section 6, art. 23, of the Constitution, the defense of assumption of risk is a question of fact to be submitted to the jury.

### 6. Negligence — Circumstantial Evidence—Sufficiency.

Negligence, like any other fact, may be proved from circumstantial evidence when the facts and circumstances are sufficient to warrant a reasonable inference of the negligence alleged.

### 7. Master and Servant—Action for Injury—Instructions.

Instructions examined and held, to correctly state the law applicable to the issues presented on the proof.

Error from District Court, Pawnee County; Conn Linn, Judge.

Action by A. T. Ball against R. D. Davis and others. From judgment for plaintiff, defendants appeal. Affirmed.

Dillard and Blake, for plaintiffs in error.

John W. Clark, for defendant in error.

OWEN, C. J. Plaintiff below was employed to pull sucker rods from an oil well. They were being pulled by means of a steam engine, a bull wheel, a bull wheel shaft, a wire line, a derrick, a hook and rod elevator. The allegations of negligence, in substance, charge that a regular rod line was not used on the occasion of the injury, but in its stead there was used a tubing line, much heavier than the regular rod line, and the weight of the line on the bull wheel side, when the stand of rods was up in the derrick, was so much heavier than the weight of the short end of the line on the other side of the crown pulley that the weight of the stand of rods and the rod elevator was insufficient to equalize the weight on the two sides of the crown pulley. And in order to equalize the two sides of the line the defendants fastened a weight on the short end of the line, and failed to use the necessary precaution to ascertain the exact amount of weight required, but merely guessed at the amount, and, there being an improper weight used for this purpose, it was necessary that a third man be stationed at the bull wheel shaft to safely perform the work; that three men were sent to operate the outfit, which they did successfully until the manager in charge of the work took one of the men from the premises, leaving an insufficient number of men to safely operate the machinery; and that by reason of such negligence in using an improper line and because of an inadequate number of men to operate the machinery, the rods fell, striking plaintiff on the head and causing the injury complained of.

The principal reason urged for reversal of the judgment is the action of the trial court in overruling a demurrer to the evidence and refusing to direct the jury to return a verdict for defendants.

A demurrer admits the truth of all the evidence introduced and all the facts which it tends to establish, as well as every

fair and reasonable inference, and should be overruled unless the evidence and all inferences which a jury could reasonably draw from it are insufficient to support a verdict for plaintiff. Midland V. R. Co. v. Graney, No. 9809, 77 Oklahoma; Helm v. Mickelson, 66 Oklahoma, 170 Pac. 704; Petroleum Iron Works v. Bullington, 61 Oklahoma, 161 Pac. 538.

While it is true the master is not under duty to furnish the best appliances obtainable, and that he does not insure the safety of his employe in adopting any particular method of performing the work, or with any particular tools or appliances, yet the law imposes the duty to furnish appliances reasonably safe for the work to be performed. Russell v. Borden Condensed Milk Co. (Utah) 174 Pac. 633; 3rd Labatt's Master and Servant (2nd Ed.) section 936.

The law also requires the master to furnish his employes with a sufficient number of fellow servants to safely do the work with the appliances and machinery used, and if such employer fails to discharge his duty, and the employe is injured by reason of this negligence, the employer is liable to the injured employe. Sulzberger and Sons Co. v. Hoover, 46 Okla. 792, 149 Pac. 887; Denver & R. G. R. Co. v. Reiter (Colo.) 107 Pac. 1100; Smith v. St. L. & S. F. R Co., 48 L. R. A. (note) 392; Flike v. B. & A. R. Co. 53 N. Y. 549, 13 Am. Rep. 545. It is true the mere fact of an accident is not of itself sufficient to establish negligence of the master. Midland V. R. Co. v. Graney, supra. It must appear also that the master did not exercise the necessary care in estimating the number necessary for safely performing the work. Rosin v. Danaher Lbr. Co., 63 Wash. 430, 115 Pac. 833. But the proof here is to the effect that three men had been operating the machinery safely, and the rods fell soon after the master removed one of the men and the injury was sustained. It was held in the case of Sulzberger and Sons Co. v. Hoover, supra, that whether the injury is due to the negligence of the employer in not furnishing sufficient fellow servants is a question of fact to be submitted to the jury, where there is any evidence which tends to support the cause of action. The fact that three men had safely operated the machinery and that the accident occurred soon after one was removed, was a circumstance to be considered by the jury in determining whether the master was guilty of negligence in this respect. In the case of Lusk v. Phelps, 71 Oklahoma, 175 Pac. 756, it was held that negligence may be proved by circumstantial evidence when the facts and circumstances are sufficient to warrant a reasonable inference of the negligence alleged. Therefore the demurrer was properly overruled.

Error is assigned on refusal of the court to give instruction number one requested by defendants, to the effect that plaintiff assumed the perils and dangers incident to the use of the line and weight, and for that reason could not recover for the injury sustained. Under the provisions of section 6, art. 23, of the Constitution, the defense of assumption of risk is a question of fact to be submitted to the jury. We deem it unnecessary to discuss in detail the other assignments relating to the instructions. It is sufficient to say that from an examination of the record, we are convinced that the court correctly submitted the issues to the jury, and that the instructions requested by defendants, and refused by the court, were substantially given in so far as those requested correctly stated the law.

Counsel further contend that the judgment should be reversed for the reason that two of the defendants mentioned in the petition were referred to as executors of the estate of J. W. Sturm, deceased, contending that an action for tort will not lie against executors in their official capacity. It appears from the record that no service was had on these two defendants, and their names were not included in the verdict or the judgment of the court.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

All the Justices concur.