## STEVENS v. OKLAHOMA AUTOMOBILE CO. et al.

No. 9620—Opinion Filed April 6, 1920.

(Syllabus by the Court.)

1. **Jury—Right to Jury Trial—Action to Recover Money.**

Under section 4993, Rev. Laws 1910. an action for the recovery of money is triable to a jury.

2. **Trial—Directing Verdict—Evidence.**

The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith.

3. **Trial—Province of Jury—Weight and Credibility of Evidence.**

In an action at law the credibility of a witness and the weight and value to be given his testimony is a question for the jury.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Fred L. Stevens against the Oklahoma Automobile Company and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

A. J. Welch, for plaintiff in error.

Hills, Manatt & Bowen, for defendants in error.

RAINEY, J. This was an action brought by Fred L. Stevens to recover from the Oklahoma Automobile Company on a promissory note. By answer defendants admitted the execution of the note, but alleged that they were induced to sign it and a contract executed at the same time by the fraud of the agents of the Lyon-Taylor Company, the payee in said note. At the trial defendants assumed the burden of proof, and at the conclusion of the evidence the plaintiff moved for a directed verdict. The court denied the motion, refused to submit the case to a jury, directed a verdict for the defendants, dismissed plaintiff's action, and taxed him with the costs. Complaining of these things, plaintiff has appealed to this court.

The action is one for the recovery of money and is, therefore, a jury case. Section 4993, Rev. Laws 1910; Childs v. Cook, 68 Oklahoma, 174 Pac. 274; Gill et al., Adm'rs, v. Fixico, 77 Okla. 151. In such cases the question presented to the trial court on a motion to direct a verdict is whether, admitting the truth of all the evi-

dence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith. Jones v. First State Bank of Bristow, 39 Okla. 784, 136 Pac. 737.

An examination of the record discloses that the court directed a verdict for defendants on the theory that the plaintiff did not own the note, and, therefore, was not entitled to recover. The evidence, however, discloses that plaintiff gave positive testimony to the effect that he was the owner of the note and had purchased it for a valuable consideration before maturity in due course of business. From the remarks of the trial court, which appear in the record, it seems that he did not believe plaintiff's testimony. This was an invasion of the province of the jury, for in actions at law the credibility of the witnesses and the weight and value to be given their testimony is a question for the jury. 28 Cyc. 1518.

The cause is reversed and remanded for a new trial.

OWEN, C. J., and KANE, JOHNSON, and BAILEY, JJ., concur.