## DAGUE et al. v. McCASLIN et al.

No. 10031—Opinion Filed March 22, 1921.

(Syllabus.)

1. Appeal and Error—Review—Instructions —Right to Complain.

Instructions complained of which were more favorable to the party complaining than he was entitled to have given under the issues made by the pleadings and the evidence adduced during the trial of the cause will not justify a reversal.

2. Same—Verdict—Evidence.

In a law action where there is evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal.

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Action by M. G. McCaslin and M. J. McDougle against A. B. C. Dague and others to recover $1,189.65 upon a verbal contract for drilling well in exploring for oil and gas. Judgment rendered in favor of plaintiffs. Defendants appeal. Affirmed.

Speed & Righter, for plaintiffs in error.

W. T. and A. C. Hunt, for defendants in error.

KENNAMER, J. The defendants in error, M. G. McCaslin and M. J. McDougle, commenced this action in the superior court of Tulsa county against the plaintiffs in error, A. B. C. Dague, C. B. McBride, and F. C. Glynn, on the 24th day of November, 1914, to recover the sum of $1,189.65, with interest. The plaintiffs allege that about the first day of April, 1914, they entered into an oral contract with the defendants to drill a well for oil and gas on a tract of land located in Montgomery county, Kansas, and that under the terms of the contract of employment the defendants agreed to pay the plaintiffs the sum of 90 cents per lineal foot and $25 per day for cleaning and pumping said well drilled under the contract of employment. That the plaintiffs drilled the well and performed the labor in accordance with the terms of the contract and under the direction of the defendants, and that there is a balance due to plaintiffs from defendants of $1,189.65 as shown by itemized statement attached to the plaintiffs' petition.

The defendant C. B. McBride failed to plead, but the defendants F. C. Glynn and A. B. C. Dague filed separate answers, in substance a general denial. A jury trial was had on the 11th day of December, 1917, which resulted in a verdict for the plaintiffs for the amount prayed for in the petition of the plaintiffs. Judgment was entered in accordance with the verdict of the jury. From the judgment entered thereon, the defendants A. B. C. Dague and F. C. Glynn have appealed to this court to reverse the judgment. In their petition in error appear four assignments of error, to wit: (1) The court erred in overruling the motion of plaintiffs in error for a new trial; (2) error of the court in giving instruction No. 4; (3) error of the court in giving instruction No. 6; (4) that the verdict is not sustained by the evidence.

Our reference to the parties herein will be as they appeared in the trial court. The objection to instruction No. 4, complained of by the defendants, is upon the ground that the plaintiffs by words or contract, or both, upon an express contract of employment, and that under the instruction as given by the trial court the plaintiffs had the right to recover upon a contract of quantum meruit, or implied contract. We have examined instruction No. 4, and the court in substance charged the jury that if they found from the evidence that the defendants representeed to the plaintiffs by words or conduct, or both, that they were interested in said lease and in the drilling of the well thereon and that they were responsible for the expense of drilling said well and the plaintiffs relied upon the representations of the defendants, the defendants would be liable to the plaintiffs for so much of the drilling as they held themselves out and represented to the plaintiffs that they were liable for, if the jury found they did so. The substance of the error complained of is that under the charge as given the jury could have found against the defendants for less than the amount recovered. Clearly the instruction, if error, was in favor of the defendants.

The third assignment of error is based upon the same contention as urged in support of the second assignment.

The fourth assignment of error is that the verdict of the jury is not sustained by the evidence. We have examined the entire record in this cause, and find that the only issues in the case were whether or not the defendants were jointly interested in the drilling of the well and jointly and severally liable for the payment of the services rendered. The correctness of the account for the labor performed is not denied. Mr. Dague, the only party who has filed a brief in this cause, was present and directed the work, and the plaintiffs testified that the contract of employment was finally made by and through him, and that he stated while the work was in progress that he was interested in the property upon which the well was being drilled. It is true there is some conflict in the testimony, but under numerous decisions of this court, the issues of fact having been decided against the defendants by the jury, we will not disturb the same on appeal. Kinney v. Williams, 66 Oklahoma, 168 Pac. 196; Oklahoma State Bank of Caddo v. Airington, 68 Oklahoma, 172 Pac. 462; Allen v. Shepherd, 69 Oklahoma, 169 Pac. 1115; Adams v. King, 69 Oklahoma, 170 Pac. 912; Modern Woodmen of America v. Terry, 69 Oklahoma, 171 Pac. 720.

The issues in this cause raised under the pleadings were purely questions of fact, and having been submitted to the jury under instructions that as a whole state the law, we will not disturb the judgment rendered in accordance with the verdict.

It is therefore ordered that the judgment be affirmed.

HARRISON, C. J., and PITCHFORD, JOHNSON, and NICHOLSON, JJ., concur.