## MILLS, Receiver, v. WILLIAMS.

No. 10802—Opinion Filed Oct. 3, 1922.

(Syllabus.)

1. **Trial—Demurrer to Evidence—Overruling.**

Where the evidence is sufficient to reasonably tend to support the allegations of a petition that states a cause of action, a demurrer to such evidence should be overruled. Town of Watonga v. Morrison, 78 Okla. 74, 189 Pac. 737.

2. **Appeal and Error—Necessity for Prejudicial Error—Refusal of Continuance.**

Where the plaintiff during the progress of the trial, was permitted by the trial court to amend his bill of particulars to allege certain facts concerning a herd law, and defendant asked for a continuance because of the absence of witnesses to meet the issue raised by such amendment, which request for continuance was denied, and the court in submitting the case to the jury by proper instructions took all the questions concerning a herd law away from the jury, no prejudicial error was committed in refusing to grant the continuance.

**3. Railroads — Killing Stock — Instructions.**

The record examined, and held, there is evidence upon which to base the instruction complained of.

**4. Trial — Peremptory Instruction — Refusal.**

Where there is competent evidence which reasonably tends to support the allegations of a petition that states a cause of action, and there is nothing disclosed on the trial of the case that precludes the plaintiff's right to recover, it is not error for the court to deny defendant's request for a peremptory instruction to return a verdict in favor of the defendant.

**5. Trial — Refusal of Requested Instructions Covered.**

Where the requested instructions have been fairly covered by the instructions given, it is not error for the court to refuse the requested instructions.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by Emmet Williams against Arthur L. Mills, as receiver of the Fort Smith & Western Railroad Company, to recover damages for the wrongful killing of five hogs belonging to plaintiff. Verdict and judgment for plaintiff, and defendant appeals. Affirmed.

Warner, Hardin & Warner, for plaintiff in error.

J. Wesley Smith, for defendant in error.

MILLER, J. This action was commenced in the justice of the peace court at Spiro, Okla., by Emmet Williams, as plaintiff, against Arthur L. Mills, as received of the Fort Smith & Western Railroad Company, as defendant, to recover the sum of $110.75 damages for the killing of five hogs belonging to the plaintiff, alleged to be due to the negligent operation of the defendant's train and failure to fence defendant's right of way. Judgment was rendered by default in the justice court, and the defendant appealed to the district court of Le Flore county, where the case was tried to a jury, which resulted in a verdict in favor of the plaintiff and against the defendant in the sum of $75, to reverse which the defendant perfected this appeal and appears here as plaintiff in error. He sets out 18 specific assignments of error, which are presented in the brief under four propositions:

"First. Under the evidence plaintiff was not entitled to recover, and the trial court erred in overruling defendant's demurrer to plaintiff's evidence and in refusing to direct a verdict in favor of defendant."

This is almost the identical wording of the first proposition in the companion case of Arthur L. Mills, Receiver, v. Alice Stewart, No. 10803 (this day decided), and, as in that case, when the plaintiff in the court below completed the introduction of his testimony, the defendant interposed a demurrer, which was by the court overruled. We have examined the evidence introduced by the plaintiff in this case, and find that it is sufficient to make out a prima facie case in favor of the plaintiff; therefore it was not error for the court to overrule the demurrer of the plaintiff in error, defendant below. Jameson v. Flournoy, 76 Okla. 227, 184 Pac. 910; Alva Roller Mills v. Simmons, 74 Oklahoma, 185 Pac. 76; Danciger v. Isaacs, 82 Okla. 263, 200 Pac. 164; Davis v. Ball, 76 Okla. 252, 185 Pac. 105; Stevens v. Oklahoma Automobile Co., 78 Okla. 126, 188 Pac. 1075; Harrison v. Corry Pharmacy, 78 Okla. 127, 188 Pac. 1076; Town of Watonga v. Morrison, 78 Okla. 74, 189 Pac. 737; City of Tulsa v. Wells, 79 Okla. 39, 191 Pac. 186; Chickasha Gas, etc., Co. v. Linn, 80 Okla. 233, 195 Pac. 769.

The second proposition argued by plaintiff in error in his brief is:

"The court erred in overruling defendant's motion for a continuance."

During the progress of the trial the court permitted the plaintiff below, defendant in error here, to amend his bill of particulars. Thereupon the plaintiff in error, defendant below, moved the court for a continuance, upon the ground that he was surprised by the amendment and he could not safely proceed to trial because of the absence of his witnesses to meet the issue raised by such amendment, which request for a continuance the court denied. This was addressed to the sound discretion of the court, and, unless the court abused its discretion, its ruling will not be reversed by this court.

The amendment in the bill of particulars was made in order to allege certain facts concerning a herd law, but in submitting the case to the jury the court by its instructions properly took this question away from the jury. Under these circumstances there could not be any prejudicial error in refusing to grant the continuance asked for by plaintiff in error.

Plaintiff in error's third proposition is:

"The court erred in its instructions to the jury, and in refusing to give instructions requested by defendant."

We have examined the instructions given by the court and the instructions requested

by the plaintiff in error which were refused by the court, and find these complaints are without merit. The instructions given are supported by the evidence, and the instructions refused are fairly covered in the instructions given.

Plaintiff in error's fourth proposition is:

"The court erred in overruling defendant's motion for a new trial, in rendering judgment in favor of plaintiff."

What has already been said in passing upon the other three propositions raised by plaintiff in error in his brief disposes of the questions raised in this proposition.

The judgment of the trial court is affirmed.

KANE, JOHNSON, McNEILL, KENNAMER, and NICHOLSON, JJ., concur.