## MILLS, Receiver, v. STEWART.

No. 10803—Opinion Filed Oct. 3, 1922.

(Syllabus.)

**1. Trial—Demurrer to Evidence—Overruling.**
Where the evidence is sufficient to reasonably tend to support the allegations of a petition that states a cause of action, a demurrer to such evidence should be overruled. Town of Watonga v. Morrison, 78 Okla. 74, 189 Pac. 737.

**2. Railroads— Killing Stock — Negligence — Instruction.**
The record examined, and held, there is evidence upon which to base the instruction complained of.

**3. Trial—Peremptory Instruction—Refusal.**
Where there is competent evidence which reasonably tends to support the allegations

of a petition that states a cause of action, and there is nothing disclosed on the trial of the case that precludes the plaintiff's right to recover, it is not error for the court to deny defendant's request for a peremptory instruction to return a verdict in favor of the defendant.

**4. Trial—Refusal of Requested Instructions Covered.**
Where the requested instructions have been fairly covered by the instructions given, it is not error for the court to refuse the requested instructions.

Error from District Court, Le Flore County; E. F. Lester, Judge.

Action by Alice Stewart against Arthur L. Mills, as receiver of the Fort Smith & Western Railroad Company, to recover damages for the wrongful killing of a cow belonging to the plaintiff. Verdict and judgment for the plaintiff, and defendant appeals. Affirmed.

Warner, Hardin & Warner, for plaintiff in error.

J. Wesley Smith, for defendant in error.

MILLER, J. This action was commenced in the justice of the peace court at Spiro, Okla., by Alice Stewart, as plaintiff, against Arthur L. Mills, as receiver of the Fort Smith & Western Railroad Company, as defendant, to recover $100 damages for the wrongful killing of a cow belonging to the plaintiff. Judgment was rendered by default against the defendant, and he appealed to the district court of LeFlore county, where the case was tried to a jury, which resulted in a verdict in favor of the plaintiff and against the defendant for the sum of $75. The court rendered judgment in accordance with the verdict of the jury, to reverse which the defendant perfected this appeal and appears here as plaintiff in error. He assigns 22 separate specifications of error, but only presents three propositions in his brief. The first one is:

"Under the evidence the plaintiff was not entitled to recover, and the trial court erred in overruling defendant's demurrer to plaintiff's evidence and in refusing to render judgment in favor of the defendant."

The record shows that, at the conclusion of the plaintiff's evidence, the defendant interposed a demurrer, which demurrer was by the court overruled, to which ruling of the court the defendant excepted. This presents the question of the sufficiency of plaintiff's evidence to make out a prima facie case.

The plaintiff in error, defendant below, made the following admission on the trial of the case:

"The defendant admits that the said cow was killed on defendant's line of railroad at the time and place alleged in the plaintiff's petition, but defendant denies that it was negligent in the operation of the said engine and cars at the said time, and denies the value of the cow alleged in the said petition, and denies that it is indebted to the said plaintiff, and denies that it is indebted to the said plaintiff in any sum whatsoever."

Ed Segraves testified in behalf of the plaintiff, in substance, as follows: That at about two o'clock, p. m., he was working on a coal ripple, and saw the Red Ball freight coming, which was the train that hit the cow. The cow stepped on to the track when the train rounded a curve nearly one-half mile away from the cow. The track between the cow and the engine was straight, and no obstruction interfered with the view of the track. The train was running at a speed of 30 to 40 miles per hour, and did not slow up or give any signal or warning until it was about 40 feet from the cow, when it blew the whistle. The cow started to get off the track, but was hit by the engine and crippled so badly that it was afterwards killed by the section crew. That the value of the cow was $100.

Other witnesses testified in behalf of the plaintiff corroborating in part the testimony of witness Ed Segraves. The plaintiff testified to the ownership of the cow.

With the above-quoted admission made on the trial of the case, the testimony of Ed Segraves was sufficient to make out a prima facie case of negligence on the part of plaintiff in error in operating the train, therefore it was not error to overrule the demurrer to the evidence. Jameson v. Flournoy, 76 Okla. 227, 184 Pac. 910; Alva Roller Mills v. Simmons, 74 Oklahoma, 185 Pac. 76; Danciger v. Isaacs, 82 Okla. 263, 200 Pac. 164; Davis v. Ball, 76 Okla. 252, 185 Pac. 105; Stevens v. Oklahoma Automobile Co., 78 Okla. 126, 188 Pac. 1075; Harrison v. Corry Pharmacy, 78 Okla. 127, 188 Pac. 1076; Town of Watonga v. Morrison, 78 Okla. 74, 189 Pac. 737; City of Tulsa v. Wells, 79 Okla. 39, 191 Pac. 186; Chickasha Gas, etc., Co. v. Linn, 80 Okla. 233, 195 Pac. 769.

The next proposition argued by the plaintiff in error is:

"The court erred in its instructions to the jury, and in refusing to give instructions requested by defendant."

Under this proposition plaintiff in error complains of certain instructions given by the court on the question of negligence, and argues that there was not any evidence upon which to base an instruction on the question

of negligence. We have examined the record, and find that there is evidence upon which to base this instruction; therefore there is no merit in this contention. The remainder of the argument under this proposition is that the court should have given a peremptory instruction to return a verdict in favor of the plaintiff in error and certain other requested instructions which the court refused to give. As there was evidence to take the case to the jury, the court did not commit error in refusing the requested peremptory instruction.

The other requested instructions were fairly covered by the instructions given by court, and we are unable to find any merit in any of these contentions of the plaintiff in error.

The other proposition argued by the plaintiff in error is:

"The trial court erred in overruling the defendant's motion for a new trial, and in rendering judgment in favor of plaintiff."

What has already been said in disposing of the first and second propositions disposes of this one.

The judgment of the trial court in affirmed.

KANE, JOHNSON, McNEILL, KENNAMER, and NICHOLSON, JJ., concur.