## LIVINGSTON OIL CORPORATION v. SHEFTS.

No. 11480—Opinion Filed July 24, 1923.

Rehearing Denied Oct. 16, 1923.

1. Sales—Items in Bill of Sale—Jury Question.

If the terms of a bill of sale of personal property are not clear as to the various items of property covered by the instrument, a controversy between the parties over some particular item presents an issue of fact for determination by the jury.

2. Appeal and Error—Questions of Fact—Verdict.

If there is any testimony that reasonably tends to support the verdict of the jury, or if reasonably prudent persons might arrive at different conclusions from the evidence, this court will not reverse the case on appeal for insufficient testimony.

3. Trial—Sufficiency of Instructions—Requests.

If the general charge of the court fairly submits the issues of fact to the jury, a refusal to give a requested special instruction covering an issue of fact submitted under the general charge will not work a reversal of the case. A requested special instruction ought to be given where the effect is to increase the clearness of the issue.

4. Sufficiency of Evidence.

We have carefully examined the record and find there is sufficient evidence to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by the Livingston Oil Corporation, a corporation, against H. G. Shefts, doing business as the Haskell Pipe Threading Machine Company, for possession of personal property, and damages for wrongful detention. Judgment for defendant, and plaintiff brings error. Affirmed.

Horace Speed and Samuel Crossland, Jr., for plaintiff in error.

Joseph C. Stone, Chas. A. Moon, and Francis Stewart, for defendant in error

Opinion by STEPHENSON, C. The plaintiff commenced its action in the superior court of Muskogee county, against the defendant for possession of a gas engine and damages for the wrongful withholding of the property. The plaintiff alleged that it was the rightful owner and entitled to

the immediate possession of the engine. The defendant answered that he was the rightful owner and entitled to the possession of the property, and asked damages for detention of the property by the plaintiff. The defendant alleged that he purchased the gas engine and that same was delivered to him July 15, 1919, and offered a bill of sale in evidence, executed by the plaintiff, reading as follows:

"We have this day, sold to the Haskell Pipe Threading Machine Shop, H. G. Shefts, proprietor, one power complete as it stands on the lease. One Boiler, 3 or 4 joints of casing, size unknown, on the Phoebe Grayson lease."

The plaintiff was using the engine in connection with pumping oil wells on a lease then owned by the plaintiff at the time the bill of sale was given. It was the contention of the defendant that the bill of sale covered the connections attached to the pump for pumping the oil wells, as well as the gas engine. The plaintiff contended that the bill of sale as worded did not cover the engine, and that it did not intend to sell and deliver the engine to the defendant. The defendant had possession of the engine for eight days prior to the replevin action, and did not make redelivery bond, so the engine remained in possession of the plaintiff at all times. It was agreed and stipulated between the parties in the trial of the cause that the reasonable and usable value of the engine was $5 per day. The jury returned its verdict for the defendant for the possession of the engine and $1 as damages for the wrongful detention of the property. The number of days between the date of taking the property in the replevin proceedings and the date of trial calculated at $5 per day, would have entitled the defendant to damages in the sum of $915. Notwithstanding the verdict of the jury, the court sustained defendant's motion for a judgment in his favor and against the plaintiff in the sum named. The plaintiff seeks a reversal of the cause upon the following grounds: (a) That the verdict of the jury is not supported by sufficient evidence; (b) error of the court in its general charge to the jury; (c) error of the court in sustaining defendant's motion for judgment in the sum of $915, for the wrongful detention of the property by the plaintiff.

There was considerable testimony introduced by the parties in support of their respective contentions as to the ownership of the engine. The defendant offered as a witness a person who was in the employ of the plaintiff at the time the property was delivered to the defendant. The substance

of the evidence of the witness was to the effect that he understood the gas engine was to be delivered to the defendant along with the other property, and that he had been instructed by the foreman that the engine was included in the property sold. Livingston, the manager of the plaintiff company, testified that he did not intend to include the engine in the sale. The testimony on the part of the defendant was to the effect that he purchased the property in question along with the other items covered by the bill of sale. There was sufficient testimony introduced in the trial of the cause to support the verdict of the jury. The rule is that if there is any testimony that reasonably tends to support the verdict of the jury, it will not be disturbed on appeal. Young v. Eaton, 82 Okla. 166, 198 Pac. 857; Garrison Coal Co. v. Semple, 82 Okla. 60, 198 Pac. 497; Dague v. McCaslin, 81 Okla. 66, 196 Pac. 696.

The court correctly submitted the issue of fact relating to ownership to the jury in a full and complete instruction. The plaintiff requested certain special instructions which were by the court refused. This was not error, as the issue was fully covered by the general charge to the court. Mills v. Williams, 87 Okla. 190, 209 Pac. 771; Mills v. Stewart, 87 Okla. 189, 209 Pac. 770; City of Cushing v. Bay, 82 Okla. 140, 198 Pac. 877.

The parties entered into a stipulation agreeing that the reasonable usable value of the engine was $5 per day. The evidence showed the number of days the engine had been retained by the other party, and after the verdict of the jury finding the ownership of the property, it was then purely a mathematical calculation as to the amount of damages the successful party was entitled to recover. Such stipulation and the proof as to the number of days rendered the question one of law, and it should not have been submitted to the jury. There was no issue of fact for submission to the jury on this question, and it became the duty of the trial court to enter judgment for the successful party for the amount of damages stipulated, notwithstanding the jury had returned its verdict in the cause for $1. Whitaker v. Crowder State Bank, 26 Okla. 786, 110 Pac. 775; Foster et al. v. Leftwich, 52 Okla. 28, 152 Pac. 583; State ex rel. Lankford v. Jackson, 66 Okla. 44, 166 Pac. 1041.

Therefore it was not error for the trial court to enter judgment for the defendant at the rate of $5 per day during the time the prperty was withheld from the defendant:

Therefore, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.